UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

          v.                                25-CV-35

$109,710 UNITED STATES CURRENCY,

                Defendant *in rem*.

---

## VERIFIED COMPLAINT *IN REM*

The United States of America, by its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, and Elizabeth M. Palma, Assistant United States Attorney, of counsel, for its Verified Complaint herein alleges as follows:

### CAUSE OF ACTION

1. This is an action *in rem* pursuant to Title 21, United States Code, Section 881(a)(6) for the forfeiture of the sum of $109,710.00 in United States currency (hereinafter the "defendant currency"), which was seized from Quinton Alexander (also referred to as "Alexander") on or about July 30, 2024 in Atlanta, Georgia.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of this action commenced by the United States pursuant to Title 28, United States Code, Section 1345 and over an action for forfeiture pursuant to Title 28, United States Code, Section 1355(a).

1

3. This Court has *in rem* jurisdiction pursuant to Title 28, United States Code, Section 1355(b) because acts or omissions giving rise to the forfeiture occurred in the Western District of New York.

4. Venue is properly premised in the Western District of New York pursuant to Title 28, United States Code, Section 1355(b), because acts or omissions giving rise to forfeiture occurred in the Western District of New York.

## FACTUAL ALLEGATIONS

5. The facts and circumstances supporting the forfeiture of the defendant currency are contained in the Affidavit of Task Force Officer Jeffrey Bullard, a copy of which is attached hereto as Exhibit 1 and incorporated as though fully set forth herein, and has been provided to the Court with an application that it remain under seal until further order of the Court.

## INITIATION OF CIVIL JUDICIAL ACTION

6. On or about October 12, 2024, the DEA received a claim from Quinton Alexander, through his attorney, Mohammed Luwemba, Esq., which halted the administrative forfeiture proceedings against the defendant currency and referred the case for judicial forfeiture proceedings.

## **CONCLUSION AND REQUEST FOR RELIEF**

7.      Based on all of the facts set forth in the Affidavit of Task Force Officer Jeffrey Bullard (Exhibit 1), the circumstances surrounding those facts, and the experience and training of the law enforcement officers involved, there is reasonable belief that the defendant currency is: (A) moneys, negotiable instruments, securities, or other things of value that was furnished, or intended to be furnished, in the furtherance of controlled substances distribution, and/or constitutes proceeds traceable to controlled substances distribution and is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6); (B) property, real or personal, which constitutes or is derived from proceeds traceable to a violation of…any offense constituting "specified unlawful activity" (such as drug trafficking) and is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C); and/or (C) property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 of this title, or any property traceable to such property and is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A).

**WHEREFORE**, the United States of America respectfully requests that:

(1)     an arrest warrant *in rem* be issued for the arrest of the defendant currency;

(2)     all persons having any interest therein be cited to appear herein and show cause why the forfeiture should not be decreed;

(3)     a judgment be entered declaring the defendant currency be condemned and forfeited to the United States of America for disposition in accordance with the law;

(4)     the costs of this suit be paid to and recovered by the United States of America; and

(5)     the Court grant such order and further relief as deemed just and proper.

Date:   January 10, 2025
        Buffalo, New York.

                      TRINI E. ROSS
                      United States Attorney
                      Western District of New York

By: /s/ *Elizabeth M. Palma*

                      ELIZABETH M. PALMA
                      Assistant United States Attorney
                      United States Attorney's Office
                      Western District of New York
                      138 Delaware Avenue
                      Buffalo, New York 14202
                      (716) 843-5860
                      elizabeth.palma@usa.doj.gov

STATE OF NEW YORK )
COUNTY OF ERIE ) ss.:
CITY OF BUFFALO )

JEFFREY A. BULLARD, being duly sworn, deposes and says:

I am a Task Force Officer of the Drug Enforcement Administration ("DEA") Buffalo, New York District Office, and I am familiar with the facts and circumstances surrounding the seizure of the $109,710.00 in United States currency seized from Quinton Alexander, on or about July 30, 2024. The facts alleged in the Verified Complaint *in rem* are true to the best of my knowledge and belief and based upon my personal knowledge and information furnished to me by officers and agents of the DEA and provided to officials of the United States Department of Justice.

JEFFREY A. BULLARD
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to
before me on January 10, 2025.

Notary Public

AMY B. WILTSE
Notary Public, State of New York
No. 01WI6051945
Qualified in Niagara County
Commission Expires Feb. 19, 20__

Expires March 17, 2027

5